IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Clinton Edward Bliss

v.

UNITED STATES OF AMERICA

case no. 4:13-CR-296-01

FILED
WILLIAMSPORT
APR 20 2015
PER _____
DEPUTY CLERK

A PETITION FOR MODIFICATION OF AN IMPOSED TERM OF
IMPRISONMENT PURSUANT TO 18 USC § 3582(c)(2)

Now comes Clinton Edward Bliss, a pro se litigant, who is filing the instant petition for a reduction in his prison term pursuant to the June 1, 2011 decision by the United States Sentencing Commission to retroactively apply the amended sentencing guidelines promulgated from The Fair Sentencing Act of 2010.

Title 18 U.S.C. § 3582(c)(2) authorizes the district court to reduce the sentence imposed on "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(O), ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement, U.S.S.G. § 1B1.10, expressly provides that Amendment 750 may be applied retroactively in a § 3582(c)(2) proceeding.

PROCEDURAL BACKGROUND

Petitioner plead guilty to Conspiracy to Manufacture and Distribute and Possess with Intent to Distribute Methamphetamine and was sentenced to a 97 month term of imprisonment which was based on an offense level of 28 and a crimnal history category of three. A favorable response to this request by the court would thereby reduce the petitioner's offence level to 26 and a sentencing range of 78-97 months.

ARGUMENT

Considering petitioner wa sentenced under the drug guidelines § 2D1.1, he qualifies for a sentence reduction under Amendment 750. Based on the amended guidelines under the FAir Sentencing Act of 2010, petitioner's offense level is 26. Petitioner is aware that the court lacks the authority to sentence him below his mandatory minimum he was subject to at his initial sentencing hearing.

As of April 2015, petitioner has served 25 months of his original 97 month sentence. During this time the greatest change to the petitioner's life is that he has accepted Jesus Christ as his Lord and Savior. He is an active participant in Catholic services and Bible studies. His new state of mind has altered his past thinking regarding the direction of his life, submission to authority and his relationships with family and friends. He has completed a 6 month drug and alcohol program through Harbour Counseling in November of 2013 and has applied for the Residential Drug and Alcohol program. Upon release he plans to be a positive role model to his young son and has every intent to return to society as a positive influence. He has taken the initiative to change his release address to Florida so to be close to his sister and far from the negative environment of his hometown. He is in some ways thankful for the incarceration that forced him to see the devestation that a life of drugs causes and allowed him to redirect his future.

CONCLUSION

Wherefore, in consideration of the above argument, Petitioner Clinton E. Bliss asks this court to resentence him within his amended guideline range.

Respectfully submitted,

*Clinton Bliss*
Clinton E. Bliss, pro se